UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| KAFAYAT ROUSE, | * | |
| Plaintiff | * | |
| v. | * | Civil Case No. 8:22-cv-03088-AAQ |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | * | |
| | * | |
| Defendant | * | |

**MEMORANDUM OPINION AND ORDER**

This is a case concerning a woman who fell after she boarded a bus. Pending before the Court is Defendant Washington Metropolitan Area Transit Authority ("WMATA")'s Motion for Summary Judgment. ECF No. 17. Although Plaintiff Kafayat Rouse opposes the Motion, she has failed to present any evidence or cite any caselaw in support of her position. Likewise, while Plaintiff complains that she has not received any discovery in the case, the period for discovery has expired. Plaintiff has not sought an extension of the discovery period or filed a motion to compel any discovery she alleges is outstanding. Finally, Plaintiff has failed to file an affidavit pursuant to Rule 56 of the Federal Rules of Civil Procedure specifying the precise discovery she seeks and why it would defeat Defendant's Motion. In fact, even had Plaintiff received the internal WMATA policies identified in Plaintiff's Opposition, they alone would not merit the denial of summary judgment. For these reasons and the additional reasons discussed below, Defendant's Motion shall be granted.[1]

---

[1] The Motion has been fully briefed, and a hearing is not necessary under this Court's Local Rules. *See* Loc. R. 105.6 (D. Md. 2023).

1

**BACKGROUND**

The facts of the case are relatively straightforward and largely undisputed. The only evidence before the Court is a video of the incident on which WMATA relies. On January 28, 2022, at approximately 8:00 a.m., Plaintiff boarded a WMATA bus in Silver Spring, Maryland. ECF No. 17, Exhibit A. Plaintiff was traveling alone; not walking with an assistive device; and carrying multiple bags. *Id.* After boarding the bus, Plaintiff paid her fare with a "SmartTrip Card." *Id.* As Plaintiff began to walk past the driver, the bus pulled away from the stop. *Id.* As the bus drove, Plaintiff walked towards the back of the bus passing three empty seats. *Id.* At this point, the driver stopped the bus and Plaintiff fell backwards on her back. *Id.* The driver then sat up from his seat and walked towards the Plaintiff to help her up. *Id.*

Plaintiff initially filed suit in the District Court of Maryland for Montgomery County alleging that the bus driver acted negligently "by failing to wait until Ms. Rouse was safely secure in a seat on the bus, before taking off abruptly. At no time was Plaintiff Kafayat Rouse contributorily negligent and she was without opportunity to avoid the incident." ECF No. 1-3, at 3. On November 30, 2022, WMATA removed the case to this Court and filed an Answer denying liability. ECF Nos. 1, 3.

On January 25, 2023, the Honorable Paula Xinis entered a Scheduling Order in this case. ECF No. 9. Pursuant to the Order, all discovery in the case must have been concluded by June 9, 2023. *Id.* at 2. The Order allowed for the modification of the deadlines therein provided that the parties complied with the Court's procedure for such. *Id.* Additionally, the Order set out a process for discovery disputes to be raised with the Court. *Id.* at 3-4. Finally, the Order required that the parties jointly submit a post-discovery status report. *Id.* at 5. On February 9, 2023, the case was referred to the undersigned with the agreement of both parties in the case. ECF No. 13; ECF No.

2

11, at 1.  Despite the Order of the Court, both parties failed to comply with several provisions therein.  Neither party filed a Joint Status Report upon the conclusion of discovery; nor did they alert the Court to any outstanding discovery disputes before that time.

On July 10, 2023, WMATA filed a Motion for Summary Judgment.  ECF No. 17-1.  The basis for the Motion was relatively straightforward.  According to WMATA, Plaintiff had been unable to gather or present any evidence that the movement of the bus was so abnormal such that the driver's conduct could have been considered negligent.  *Id.* at 6.  In support, WMATA cited several cases supporting the argument that Plaintiff needed to present some evidence supporting allegations in a Complaint that a bus's movement was abnormal, *id.* at 3-5, and appended a video of the incident evidencing the facts as described above.  That is, Plaintiff passed multiple seats before the bus pulled away from the stop and, as a result, Plaintiff fell.  On July 23, 2023, Plaintiff filed her Opposition.  ECF No. 18.  In contrast with her Complaint, Plaintiff now alleged that rather than pulling away abruptly, the bus driver made an "unusual" and "sudden stop" of the bus after it began moving.  *Id.* at 3.  Notably, Plaintiff failed to include any caselaw or evidence in support of her position that the movement of the bus was unusual or in opposition to WMATA's Motion.  Rather, for the first time, Plaintiff contended that she had not been provided the opportunity to conduct proper discovery.  *Id.*  Plaintiff's Opposition did not explain why she had failed to: (1) include an affidavit from the Plaintiff supporting her allegations; (2) notice a deposition of the bus driver; (3) highlight these discovery deficiencies before the close of discovery; (4) utilize the procedure identified by the Court to resolve discovery disputes; (5) seek an extension of the discovery period; or (6) include an affidavit as the Federal Rules of Civil Procedure require, explaining why summary judgment would be inappropriate without further discovery, *see* Fed. R. Civ. P. 56(d).  On July 28, 2023, WMATA filed a Reply in Support of its Motion for Summary

3

Judgment emphasizing the latter failure. ECF No. 19, at 2-3. WMATA, however, did not deny that Plaintiff had issued discovery requests which it, in turn, had failed to respond to in contravention of the Federal Rules of Civil Procedure.

Accordingly, on October 20, 2023, the Court issued an Order:

> [D]eferring ruling on [the] Motion for Summary Judgment until the parties . . . provided supplemental briefing. [Specifically,] [t]he Plaintiff [had to] file the discovery requests referenced in [Plaintiff's Opposition] . . . . In response, . . . Defendant [could] either state when responses were provided, withdraw its Motion, agree to a brief extension of the discovery period to provide responses, or explain why — if it failed to respond — why failing to respond was appropriate.

ECF No. 20. In response, on October 30, 2023, Plaintiff filed copies of the Requests for Production and Interrogatories she had propounded on WMATA, and which were dated March 15, 2023. ECF No. 21. WMATA subsequently notified the Court that it had provided responses to the discovery requests.

Given the provision of the responses, on November 17, 2023, the Court ordered that Plaintiff provide any supplemental Opposition to the pending Motion for Summary Judgment based on any discovery received, and that WMATA provide any responsive Reply it deemed necessary. ECF No. 22. Plaintiff, in response, provided an additional Opposition, again failing to provide any evidence or legal authority in support of her position. ECF No. 23. Rather, Plaintiff argued that summary judgment was inappropriate given WMATA's failure to produce WMATA's policies and manuals governing the conduct of its drivers. *Id.* at 3. Plaintiff reasoned that: "WMATA bus driver policy and manuals do set a standard of care for bus drivers. If a bus driver does not adhere to his own company policy, then it is negligence. However, Plaintiff has not been afforded the opportunity to view the WMATA manuals." *Id.* Again, Plaintiff's arguments

4

regarding the lack of discovery were not supported by an affidavit. On December 20, 2023, WMATA filed an additional Reply highlighting this deficiency. ECF No. 24.

## LEGAL STANDARD

The Court will grant a motion for summary judgment only where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Fed R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If there are factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then the Court must deny the request for summary judgment. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there are no genuine issues of material fact. Fed. R. Civ. P. 56(a); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

## ANALYSIS

Although Plaintiff complains that WMATA has failed to provide its internal policies and procedures governing the conduct of its drivers, WMATA's failure to provide the policies requested does not justify the denial of summary judgment given the history of and briefing in this case. Plaintiff's argument suffers from three key deficiencies. First, Plaintiff's arguments regarding the lack of discovery are not supported by an affidavit highlighting the additional discovery she needs. Second, Plaintiff failed to raise any deficiencies in discovery before the close of discovery or seek an extension of the discovery period as the Court's Scheduling Order required. Further, at no point did Plaintiff move to compel the production of the outstanding discovery.

Third, even if Plaintiff had obtained WMATA's policies and manuals, it would not have been sufficient to merit denial of summary judgment, given Plaintiff's failure to present any evidence supporting her argument that the driver's actions were abnormal or extraordinary. To the extent that Plaintiff intends to rely on the video of the event which WMATA filed, it does not include evidence that the driver stopped unreasonably. While any of these failures alone may not have supported the granting of WMATA's Motion, together, they are determinative of this matter.

## I.     Lack of Rule 56 Affidavit

Summary judgment is to be "refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Anderson*, 447 U.S. at 250 n.5). However, the party opposing summary judgment "cannot complain that summary judgment was granted without discovery unless that party ha[s] made an attempt to oppose the motion on the grounds that more time was needed for discovery . . . before the district court ruled." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996). "Generally such an attempt is made through the filing of a Rule 56(d) affidavit that outlines the need for discovery and what additional facts litigants hope to uncover through discovery to properly defeat summary judgment." *Dave & Buster's, Inc. v. White Flint Mall, LLLP*, 616 F. App'x 552, 561 (4th Cir. 2015). Although the Fourth Circuit "has found that filing an affidavit is not a necessary condition of obtaining discovery prior to summary judgment, [it] ha[s] repeatedly 'warned litigants that [it] "place[s] great weight on the [Rule 56] affidavit"' and that 'the failure to file an affidavit under [Rule 56] is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Id.* (fifth and sixth alterations in original) (quoting *Harrods Ltd.*, 302 F.3d at 244).

It is undisputed that Plaintiff has failed to file the necessary affidavit. In its original Opposition, Plaintiff generally alleged that Defendant had failed to provide the requested discovery without any explanation of what discovery was needed or why it would be necessary to the resolution of WMATA's Motion for Summary Judgment. *See* ECF No. 18, at 3. Additionally, WMATA noted that Plaintiff had failed to support her allegations with an affidavit as Rule 56 requires. ECF No. 19, at 2. Nonetheless, given WMATA's alleged failure to comply with its obligations under the Federal Rules of Civil Procedure, the Court ordered WMATA to respond. ECF No. 20. Plaintiff now again argues that she has insufficient information to oppose WMATA's Motion. *See* ECF No. 23, at 3. Although she has identified specific documents she seeks, *id.*, she again has failed to support her arguments with a Rule 56(d) affidavit. While the Court may have excused Plaintiff's initial failure, the omission is more glaring in the second Opposition, particularly given the prior notice to Plaintiff of the deficiency. *See Harrods Ltd.*, 302 F.3d at 244 ("[R]eference to [Rule 56] and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a [Rule 56(d)] affidavit." (quoting *Evans*, 80 F.3d at 961)); *Evans*, 80 F.3d at 961 ("[A] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of [Rule 56] to set out reasons for the need for discovery in an affidavit." (quoting *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995)); *Adams v. Henderson*, 197 F.R.D. 162, 166 (D. Md. 2000) ("[B]ecause the plaintiffs not only failed to submit an affidavit, but also failed even to allude to [Rule 56] in their opposition, their request for additional discovery is denied.").

II.     **Failure to Comply with the Scheduling Order**

7

Additionally, this case is distinguishable from others in which courts have excused a failure to file a Rule 56 affidavit because the period for discovery has elapsed. *See Morrow v. Farrell*, 187 F. Supp. 2d 548, 551 (D. Md. 2002) ("[T]he court proceeds with due caution when considering a motion for summary judgment before discovery is completed."); *Cartwright v. Meade*, 302 F. App'x 132, 132 (4th Cir. 2008) (per curiam) ("This court has recognized that '[a]s a general rule, summary judgment is appropriate only after "adequate time for discovery."'") (alteration in original) (quoting *Evans*, 80 F.3d at 961)).

In order to ensure efficient case management, Rule 16(b) requires the district court to issue scheduling orders, *see* Fed. R. Civ. P. 16(b)(1)-(2), which, among other deadlines, "must limit the time to . . . amend the pleadings, complete discovery, and file motions," Fed. R. Civ. P. 16(b)(3)(A). The "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Therefore, after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008).

Although Plaintiff faults WMATA for failing to provide adequate responses, she, at no point, moved to compel the production of documents or sought an extension of the discovery period such that discovery could be completed. Despite the Court's direction that the parties file a Joint Status Report highlighting any outstanding issues, Plaintiff first alerted the Court in her Opposition to WMATA's Motion for Summary Judgment. The Fourth Circuit and this Court have found that summary judgment is appropriate in such circumstances. *Hare v. Comcast Cable Commc'ns Mgmt., LLC*, 564 F. App'x 23, 25 (4th Cir. 2014) (per curiam) ("[W]e are unpersuaded by Hare's argument that summary judgment was premature because additional discovery remained to be completed. As discussed above, Hare had ample time to complete discovery within the

deadline established by a scheduling order, and the district court did not abuse its discretion by refusing to extend the time allotted."); *Cook v. Howard*, 484 F. App'x 805, 815-16, 826 (4th Cir. 2012) (per curiam) (affirming denial of motion to substitute since appellants "ha[d] offered absolutely no explanation for why they did not file a timely motion to amend the scheduling order deadline once it became clear that sufficient discovery would not be completed in time to meet the . . . deadline," *id.* at 816); *Passauer v. Quest Diagnostics, Inc.*, No. CCB-03-159, 2004 WL 865829, at *7 n.7 (D. Md. Apr. 22, 2004) ("The motion [to compel discovery] would have been denied, however, regardless of the summary judgment disposition.  Plaintiff filed the motion to compel answers to written interrogatories served almost one month after the scheduled discovery deadline.").

### III. The Impact of the Policies and Manuals Alone

Finally, even were the Court to accept Plaintiff's argument that WMATA should have produced its standards and procedures for bus drivers, it would not dictate a different result.  Plaintiff fails to explain how if these materials had been produced, they would have merited the denial of WMATA's Motion.  This is perhaps for good reason.  As noted above, the only evidence before the Court regarding the incident is the video depicting it.  The video clearly evidences Plaintiff walking, without assistance, past several open seats before the bus begins driving.  *See Lampkin v. Wash. Metro. Area Transit Auth.*, No. TJS-19-2691, 2022 WL 1081949, at *6 (D. Md. Apr. 11, 2022) (granting WMATA summary judgment where "the video evidence demonstrate[d] that Ms. Lampkin had completely boarded WMATA's bus at the time of her alleged injury" and "[n]othing in the video indicate[d] that Ms. Lampkin was suffering from any infirmity or disability that would have put WMATA on notice that it should not move its bus until she was seated").  When the bus stops, Plaintiff falls to the ground.  Although Plaintiff claims that the driver stopped

abruptly and unreasonably, she fails to support such allegations with any evidence. Accordingly, even if WMATA had produced standards which indicated that a bus driver should not stop a bus suddenly unless necessary, there would be no evidence in the case supporting the conclusion that the bus driver's stop was unreasonable given the traffic surrounding the bus.

Had Plaintiff supported her case with any evidence, even an affidavit recounting her memory of the incident, or if the video revealed an unjustified or unreasonable stop, perhaps a different result would have been appropriate. The standard is not high, but it requires some evidence. Factual scenarios in which Maryland courts have found summary judgment inappropriate include where: (1) there was rocking, swaying, or jiggling of the vehicle that threw other passengers back and forth; (2) the plaintiff fell on her back from a standing position, with such force that the driver heard her hit the floor; and (3) there was a violent jerk that caused the passengers to scream. *Wash. Metro. Area Transit Auth. v. Djan*, 979 A.2d 194, 197 (Md. Ct. Spec. App. 2009). However, where Plaintiff has failed to support her allegations with any evidence or explanation of how the standards not produced would have established a dispute of material fact, general complaints regarding the failure to produce them are insufficient. *Butts v. Wash. Metro. Area Transit Auth.*, No. 8:17-cv-00855-GLS, 2018 WL 4616017, at *4 (D. Md. Sept. 26, 2018) (granting defendant's motion for summary judgment where "[p]laintiff . . . ha[d] failed to present some definite series of facts that would render the movement of the Metro Bus abnormal or extraordinary"); *Djan*, 979 A.2d at 197 ("When a passenger files a negligence claim against a motor carrier for injuries received when the carrier makes a sudden start or stop, the passenger must prove that the movement was unusual or extraordinary.").

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment shall be granted.

The Clerk shall close the case.

So ordered.

Date: February 7, 2024                                          /s/
                                                       Ajmel A. Quereshi
                                                       U.S. Magistrate Judge